UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

JENNIFER GILLIGAN,

               Plaintiff,          07 Civ.   (   )

   -against-

CONTRACTORS REGISTER INC,          COMPLAINT

               Defendant.        Jury Trial Demanded

------------------------------------------------------x

**07 CIV. 6945**

Plaintiff JENNIFER GILLIGAN, by her attorneys Lovett & Gould, LLP, for her complaint respectfully states:

**WP4**

### NATURE OF THE ACTION

1. This is an action for compensatory, liquidated, and punitive damages proximately resulting from Defendant's violation of Plaintiff's rights as guaranteed by Title VII and the Equal Pay Act.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. With respect to Plaintiff's Title VII claim on February 21, 2007, she duly filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (Charge $520-2007-01871). On July 6, 2007, the EEOC issued to her a Notice of Right to Sue. Plaintiff's state law claim is interposed in accordance with the Court's supplemental jurisdiction.

1

## THE PARTIES

3. Plaintiff JENNIFER GILLIGAN is a female citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint she was and continues to be employed by the Defendant in the non-managerial job position of "Purchasing Coordinator". As such her annual salary is approximately $35,000 and her job performance has consistently been excellent.

4. Defendant CONTRACTORS REGISTER INC is a domestic corporation engaged in interstate commerce with offices for the conduct of business at 800 East Main Street, Jefferson Valley, New York.

## THE FACTS

5. In September 2006 Plaintiff's supervisor (Chynna Valentin, hereinafter "Valentin"), who held a managerial position ("Corporate Services Manager"), resigned.

6. As a result of that resignation and by reason of Plaintiff's recognized excellent job performance and skills, Plaintiff was directed by the Defendant to not only perform her job duties as Purchasing Coordinator but also to assume and perform all of the managerial job responsibilities that Valentin had performed prior to September 2006.

7. In that connection, although Plaintiff proficiently performed all of the job duties referenced in the preceding paragraph "6", Defendant neither accorded her managerial status nor any increase in salary.

8. During that period of time and until February 5, 2007, Defendant repeatedly, albeit falsely, indicated to Plaintiff that she was being groomed for the Corporate

Services Manager position previously held by Valentin and was going to be promoted to managerial status with a concomitant increase in salary.

9. On or about February 2, 2007, one Robert Kalmer (hereinafter "Kalmer") was promoted to the Corporate Services Manager position at approximately triple the salary paid by Defendant to Plaintiff. Because Kalmer is substantially incompetent and has an established job performance that is at best mediocre, Defendant has required Plaintiff to train him to perform the job duties required of him.

10. Kalmer is substantially less qualified than Plaintiff to be Corporate Services Manager although he is assigned to that job position subject to the same and/or identical work place conditions as Plaintiff; possesses lesser skills than Plaintiff to perform the responsibilities of that job position; is incapable of performing the duties of Corporate Services Manager and exerts substantially less effort than Plaintiff who has and continues to perform those duties; and has required repeated, duplicative training by Plaintiff regarding his fundamental job responsibilities - - despite which he has been unable to grasp and/or learn how to independently perform those responsibilities.

11. On February 21, 2007, Defendant's President (James O'Malley) was notified by fax that Plaintiff had filed a gender-based Charge of Discrimination with the EEOC and cautioned against causally related retaliation against Plaintiff for that filing.

12. Two days thereafter Plaintiff was informed by Defendant that her job responsibilities, but not her salary, were going to be substantially increased so as to include manufacturing and fulfillment responsibilities never previously assigned to her - - a circumstance that has now occurred. As a result Plaintiff continues to train Kalmer, has been directed by Defendant to take over and perform "Mail room" responsibilities

that are supposed to be performed by Kalmer, and to perform the duties of Purchasing Coordinator.

13. As proximate result of Defendant's conduct and/or retaliatory conduct Plaintiff has been: deliberately denied equal terms and conditions in the workplace by reason of gender; intentionally subjected to retaliation in the workplace by reason of her filing a Charge of Discrimination with the EEOC; accorded a salary approximately one-third of that accorded to the male Corporate Services Manager whose job duties she performed both prior to his promotion and subsequent to his promotion; caused public humiliation; caused public embarrassment; caused emotional upset; caused anxiety; publicly degraded; and otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

15. Under the premises Defendant's conduct violated Plaintiff's rights as guaranteed by Title VII, 42 U.S.C. §2000e *et. seq.*

## AS AND FOR A SECOND CLAIM

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

17. Under the premises Defendant's retaliatory conduct violated Plaintiff's rights as guaranteed by Title VII, 42 U.S.C. §2000e*et. seq.*

## AS AND FOR A THIRD CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

19. Under the premises Defendant's conduct violated Plaintiff's rights as guaranteed by the Equal Pay Act, 29 U.S.C. §206.

## AS AND FOR A FOURTH CLAIM

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

21. Under the premises Defendant's conduct violated Plaintiff's rights as guaranteed by Section 296 *et. seq* of the New York State Executive Law.

WHEREFORE judgment is respectfully demanded:

    a. Awarding on the First, Second and Third Claims such compensatory damages as the jury may determine,

    b. Awarding on the First, Second and Third Claims such punitive damages as the jury may impose,

    c. Awarding on the First, Second and Third Claims reasonable attorney's fees and costs,

    d. Awarding on the Third Claim liquidated damages,

    e. Awarding on the Fourth Claim such compensatory damages as the jury may determine, and,

   f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
   July 30, 2007

                 LOVETT & GOULD, LLP
                 By: _____
                 Jonathan Lovett (4854)
                 222 Bloomingdale Road
                 White Plains, N.Y. 10605
                 914-428-8401