UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jackson Lewis LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Attorney of Record for Defendant
Greg A. Riolo (GR 1634)
Michael A. Frankel (MF 9712)

---------------------------------------------------------------x
JENNIFER GILLIGAN,                           :
                                             :     07 CIV. 6945
               Plaintiff,   :
                                             :
    - against -                             :
                                             :
CONTRACTORS REGISTER INC,                    :
                                             :
               Defendant.   :
---------------------------------------------------------------x

## ANSWER

Defendant, Contractors Register Inc. (hereinafter "Defendant"), by and through its attorneys, Jackson Lewis LLP, for its Answer to the Complaint, herein states as follows:

### AS TO "NATURE OF THE ACTION"

1. Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits Plaintiff purports to bring this action pursuant to Title VII and the Equal Pay Act.

### AS TO "JURISDICTION"

2. Defendant denies each and every allegation set forth in Paragraph 2 of the Complaint, except admits that Plaintiff purports jurisdiction is proper and admits that Plaintiff filed a Charge and a Notice of Right to Sue was issued.

## AS TO "THE PARTIES"

3. Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint, except admits that Plaintiff is female and currently employed by Defendant.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

## AS TO "THE FACTS"

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant denies each and every allegation set forth in Paragraph 6 of the Complaint.

7. Defendant denies each and every allegation set forth in Paragraph 7 of the Complaint.

8. Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint.

9. Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint.

10. Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint.

11. Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint, except admits that Defendant did receive a letter related to Plaintiff.

12. Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

## AS TO "A FIRST CLAIM"

14. Defendant repeats and realleges its responses to Paragraphs "1" through "13" of the Complaint as though fully set forth herein in response to Paragraph 14 of the Complaint.

15. Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

## AS TO "A SECOND CLAIM"

16. Defendant repeats and realleges its responses to Paragraphs "1" through "15" of the Complaint as though fully set forth herein in response to Paragraph 16 of the Complaint.

17. Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint.

## AS TO "A THIRD CLAIM"

18. Defendant repeats and realleges its responses to Paragraphs "1" through "17" of the Complaint as though fully set forth herein in response to Paragraph 18 of the Complaint.

19. Defendant denies each and every allegation set forth in Paragraph 19 of the Complaint.

## AS TO "A FOURTH CLAIM"

20. Defendant repeats and realleges its responses to Paragraphs "1" through "19" of the Complaint, as though fully set forth herein in response to Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. Plaintiff's Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Plaintiff has failed to satisfy the statutory prerequisites for filing such claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint should be dismissed because at all times relevant hereto, Defendant acted in good faith and for good cause and has not violated any rights which may be secured to Plaintiff under Federal, State or local laws, rules, regulations or guidelines.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which punitive and exemplary damages may be awarded.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which liquidated damages may be awarded.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint should be dismissed and the demands for relief stated therein should be denied because Plaintiff has failed, in whole or in part, to mitigate the damages she allegedly suffered.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Laws.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims for sex discrimination are barred and/or any recovery of damages is precluded because the Defendant exercised reasonable care to prevent and correct promptly any alleged discrimination.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith for legitimate business reasons unrelated to Plaintiff's sex.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. Even if any decision which affected Plaintiff's employment was motivated in part by Plaintiff's sex, which it was not, Defendant would have reached the same decision regardless of Plaintiff's sex.

WHEREFORE, Defendant respectfully requests that this Court:

a) Dismiss Plaintiff's Complaint in its entirety and all claims for relief set forth therein, with prejudice;

b) Deny each and every demand for relief as set forth in Plaintiff's Complaint;

c) Grant such other and further relief as this Court deems appropriate; and any and all other damages, together with interest, incurred by Defendant in defending against this baseless and frivolous action.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway
Suite 1502
White Plains, New York 10601
(914) 328-0404

By: *Michael Frankel*
Greg Riolo (GR 1634)
Michael A. Frankel (MF 9712)

*Attorneys for Defendants*

Dated: August 30, 2007
       White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JENNIFER GILLIGAN,                          :
                                            :   07 CIV. 6945
                        Plaintiff,          :
                                            :
         - against -                        :
                                            :
CONTRACTORS REGISTER INC,                   :
                                            :
                        Defendant.          :
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Contractors Register Inc.'s Answer to Plaintiff's Complaint has been served ECF and via regular U.S. mail, postage prepaid on August 30, 2007 on counsel for Plaintiff at the address set forth below:

Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
*Attorney for Plaintiffs*

_____
Michael A. Frankel